UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ELLA ABADIR,
           Plaintiff,

vs.

CENTER ONE, LLC,
           Defendant.

14-CV-0855WMS(HKS)

AFFIRMATION IN SUPPORT
OF MOTION FOR AN ADVERSE
INFERENCE

State of New York    )
County of Erie        )

ANNA MARIE RICHMOND, an attorney admitted to practice in the State of New York, affirms under the penalties of perjury:

1. I am the attorney for the Plaintiff in this matter; I make this affirmation in support of Plaintiff's motion for and adverse inference based upon Defendant's failure to preserve evidence in this matter.

2. As is set forth in detail in Plaintiff's Affidavit in Opposition to Defendant's Motion for Summary Judgment and for Sanctions (Item No. 43), Plaintiff retained an attorney in the dispute that is the subject of this matter no later than June 2013. Item No. 43, ¶ 361.

3. That attorney engaged in lengthy negotiations with counsel for Defendant before filing a complaint with the Equal Employment Opportunity Commission on Plaintiff's behalf in late December 2013. Item No. 43, ¶¶ 312-315, *Id., See also*, Item No. 43, Ex. E, Lipman email.

4. Both Defendant's Human Resources Director and its Vice President for Employee Relations were deposed in this matter.

5. Both were questioned about, and described in detail Defendant's record-keeping

practices.

6.     Betty Lane, Defendant's Human Resources Director, testified that records of conversation and handwritten notes of investigations would have been preserved for at least as long as Ms. Abadir was employed by the company. Item No. 44, Appx. C (Lane Deposition Transcript) pp. 56-57.

7.     Defendant's exhibit includes a list of the 33 complainants with handwritten notes made by Ms. Lane. Item No. 51, p. D421.

8.     Ms. Lane testified that she talked to the individuals on the list, but could not recall to whom she spoke, nor could she recall the significance of her notations on the list. *Id.*, pp. 54-56.

9.     Ms. Lane also testified that she reviewed video recordings to determine whether any of the complaints that were allegedly investigated in June 2012, were corroborated, but could not remember what she had viewed. *Id.*, p. 58.

10.    PattiSue O'Malley, Defendant's Vice President for Employee Relations, testified that the physical folders for the company's managers were maintained in her office. Ex. A, O'Malley Deposition, p. 35.

11.    Ms. O'Malley also testified that Plaintiff was employed at the time that Defendant turned over its records to counsel during discovery in this matter, and that a folder three to four inches thick was turned over containing Plaintiff's records. *Id.*, p. 36.

12.    Ms. O'Malley testified that the folder included notes and records of conversation. *Id.*, pp. 36-37.

13.    Ms. O'Malley testified that if an employee testified to someone about their supervisor, the record of the complaint would be maintained in the files of both the individual complaining and the individual who was the subject of the complaint. *Id.*, pp. 37-38.

14. Ms. O'Malley also testified that the video cameras maintained in the call center for Center One recorded all activity in the building, and had a recording function. *Id.*, pp. 42-43.

15. She also testified that the Human Resources Department utilized those recordings when they investigated matters, and that the recordings were preserved. *Id.*, pp. 42-44.

16. Ms. Abadir attested that she was personally aware that Ms. Lane stored video recordings on an internal HR drive on the company's computer system. Item No. 43, ¶ 374.

17. Plaintiff's first request for documents included very broad requests for personnel and disciplinary files, all records concerning Plaintiff's job performance. Ex. B, pp. 8-9.

18. Plaintiff's second request for documents specifically requested all recordings, either audio or video, that pertain to plaintiff. Ex. C, p. 6.

19. Defendant responded to the first request by producing 1124 pages of documents, and they have thereafter produced clearer copies and unredacted copies of documents within that original batch, pursuant to requests from the undersigned.

20. Defendant produced neither audio nor video recordings, responding that there were no documents in its possession responsive to Plaintiff's request.

21. In response to additional requests from the undersigned, Defendant's attorneys have, on information and belief, re-reviewed the records Defendant produced.

22. Based upon Defendant's failure to produce any such records in response to Plaintiff's requests, it appears that

a.  Defendant has no audio or video records of Plaintiff screaming at her subordinates;

b.  Defendant has no video records of Plaintiff sleeping on the job;

c.  Defendant has no video records of Plaintiff surfing the internet;

d.  Defendant has no other notes or records of conversation of the alleged "33 complaints"

made against Plaintiff between September 2011 and April 2012 other than the handwritten notes (primarily in Holly Donohue's handwriting) and few documents that are contained in Item No. 51, Ex. M at pp. 426-442.

23. Defendant's Rule 56 Statement describe a purported "investigation" in June 2012 that resulted in Plaintiff's discharge from employment on June 15, 2012.

24. Defendant produced many pages of documents relating to that investigation.

25. Those documents include records of conversation with four people in addition to Holly Donohue that contain statements critical of, or complaining about, Plaintiff.

26. Plaintiff contends that a review of audio and video recordings maintained during her employment would disprove many of Defendant's accusations of her, including the accusations that she routinely screamed at her subordinates, maintained poor work relationships, routinely surfed the internet, and slept on the job.  Item No. 43, ¶¶ 216-217, 366, 222, 371-376.

27. Additionally, Plaintiff contends that Defendant's failure to provide video of the seizure of her cell phone on May 22, 2013 has deprived her of her opportunity to prove her version of that incident.  *Id.*, ¶¶ 287-288.

28. Plaintiff also contends that Defendant's failure to preserve and produce audio recordings has deprived her of her ability to disprove Defendant's contentions.  *Id.*, ¶¶ 146-150, 373.

29.  Plaintiff also contends that Defendant's failure to preserve and produce the records of conversations with all 33 of the alleged complainers in 2012 must give rise to an inference that 29 of those records of conversation did not contain complaints about the Plaintiff.

30. Thus, as is discussed in Plaintiff's Memorandum of Law filed herewith, Plaintiff respectfully asks this Court to draw an adverse inference from Defendant's failure to preserve evidence of complaints about the Plaintiff made by and to other persons than Holly Donohue,

and audio and video recordings of events relating to the incidents they have cited to support their contentions that Plaintiff engaged in inappropriate conduct and misconduct at work.

DATED:     May 15, 2017
                Buffalo, New York

                                                               /S/ Anna Marie Richmond
                                                              ANNA MARIE RICHMOND