UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ELLA ABADIR, | | |
| | Plaintiff, | **Plaintiff's Second Set of Document Demands Directed Toward Defendant** |
| -- against -- | | |
| CENTER ONE, LLC, | | |
| | Defendant. | **Civil Action No.:** <br> **14-cv-00855-WMS** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Ella Abadir ("Plaintiff"), requests that defendant, Center One, LLC ("Defendant"), respond to this request within 30 days and that the Defendant produce and permit the Plaintiff to inspect and copy each document requested, at the offices of Sanders & Sanders, 401 Maryvale Drive, Cheektowaga, New York 14225.

## INSTRUCTIONS

1. You are required, in responding to this request, to obtain and furnish all information available to you and any of your representatives, employees, agents, brokers, servants, or attorneys and to obtain and furnish all information that is in your possession or under your control, or in the possession or under the control of any of your representatives, employees, agents, servants, or attorneys.

2. Each request which seeks information relating in any way to communications, to, from, or within a business and/or corporate entity, is hereby designated to demand, and should be construed to include, all communications by and between representatives, employees, agents, brokers and/or servants of the business and/or corporate entity.

3. Each request should be responded to separately. However a document which is responsive to more than one request may, if the relevant portion is marked or indexed be produced and referred to in a later response.

4. All documents produced shall be segregated and identified by the paragraphs to which they are primarily responsive. Where required by a particular paragraph of this request, documents produced shall be further segregated and identified as indicated in this paragraph. For documents that are stored or maintained in files in the normal course of

1

business, such documents shall be produced in such files, or in such a manner as to preserve and identify the file from which such documents were taken.

5. If you object to part of any request, please furnish documents responsive to the remainder of the request.

6. Each request refers to all documents that are either known by Plaintiff to exist or that can be located or discovered by reasonable diligent efforts of Plaintiff.

7. The documents produced in response to this Request shall include all attachments and enclosures.

8. The documents requested for production include those in the possession, custody, or control of Plaintiff, its agents, representatives or attorneys.

9. References to the singular include the plural.

10. The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

11. Pursuant to Local Rule 26(f), all documents called for by this request or related to this request, for which Plaintiff claims a privilege or statutory authority as a ground for non-production shall be identified by the nature of the privilege claimed and Plaintiff shall provide, in writing, the:

   a. Type of document;
   b. General subject matter of the document (without revealing the information for which privilege or statutory authority is claimed);
   c. The date of the document; and
   d. Such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, and other recipients shown in the document, and, where not apparent, the relationship of the author, addressees and recipients to each other.

12. Each request to produce a document or documents shall be deemed to call for the production of the original document or documents to the extent that they are in, or subject to, directly or indirectly, the control of the party to whom this request is addressed. In addition, each request should be considered as including a request for separate production of all copies and, to the extent applicable, preliminary drafts of documents that differ in

      any respect from the original to final draft or from each other (e.g., by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof.)

13. All documents reproduced in response to this Request shall be produced in their entirety notwithstanding the fact that portions thereof may contain information not requested.

14. If any documents requested herein have been lost or destroyed, the documents so lost or destroyed shall be identified by author, date, and subject matter.

15. With respect to any document requested which was once in possession, custody or control, but no longer is, please indicate the date the document ceased to be in possession custody, or control, the manner in which it is ceased, and the name and address of its present custodian.

16. Unless otherwise indicated, each request is to be construed as encompassing all documents which pertain to the stated subject matter and to the events which transpired between the date Plaintiff was hired by Defendant, up to the present.

17. As specified by the Fed. R. Civ. P. 26(e), you are required seasonably to supplement or amend your responses to the document requests should you identify, obtain or discover additional documents responsive thereto.

18. Production can be accomplished by mailing the documents within thirty days to the Law Offices of Sanders & Sanders, 401 Maryvale Drive, Cheektowaga, New York 14225.

## DEFINITIONS

1. Plaintiff specifically incorporates herein by reference the Uniform Definition for all Discovery Requests contained in Local Rule 26(e) (3) and (4).

2. The term "**defendant**" means Center One, its officers, employees, agents, representatives, and others known to you to have acted on their respective behalf.

3. The term "**communication**" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written communications and oral communications (in the form of facts, ideas, inquiries or otherwise).

4. The term "**document**" refers to any original written, typed, printed, recorded, or graphic matter (however preserved, produced, or reproduced) of any type or description, regardless of origin or location, and any non-identical copy (whether different from the original because of notes made upon such copy or otherwise), formal or informal, and includes, but is not limited to, contracts, memoranda of contract, agreements, assignments, records, audio or video tape recordings, computer printouts, computer tapes or disks, computer or data processing cards, or information otherwise stored in computers, correspondences, business cards, communications, memorandums, reports, studies, maps, summaries, lists, minutes, notes, bulletins, notices, announcements, diaries, logs, calendars, instructions, drawings, analysis, graphs, tables, charts, manuals, brochures, schedules, shipping orders, purchase orders, bills, invoices, checks, price lists, photographs, photographic negatives, phonograph recordings, transcripts or logs of such recordings, projections, videotapes, films, microfiches, binders, cover notes, certificates, letters, tests, telexes, messages (including, but not limited to, inter-office and intra-office communications), questionnaires, licenses, certificates, permits, ledgers, ledger entries, books of account, checks, orders, invoices, receipts, statements, financial data, acknowledgments and telegrams and teletypes, and all other data compilations from which information can be obtained or translated, reports and/or summaries of investigations, drafts and revisions of drafts of any documents and original preliminary notes or sketches, no matter how produced or maintained, in your actual or constructive possession, custody or control, or the existence of which you have knowledge, and whether prepared, published or released by you or by any other person.  If a document has been prepared in several copies, or additional copies have been made, or copies are not identical (or which by reason of subsequent modification of a copy by the addition of notations or other modifications, are no longer identical), each nonidentical copy as a separate document.  The term documents shall also include any information responsive to

these requests in any form, together with additional materials not specifically requested that may be useful to interpret, understand, or otherwise render intelligible any such responsive materials.

5. The terms "**relating to**" or "**relating**" mean consisting of, referring to, describing, identifying, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or factual connection with the matter discussed.

6. The terms "**concerning**" or "**reflecting**" mean relating to, referring to, describing, evidencing or constituting.

7. The term "**claim**" means a demand or assertion, whether oral or written, formal or informal, by any person for monetary payment, the undertaking of action, or the cessation of action.

8. The terms "**consulted**" or "**contracted**" mean any form of communication, e.g., oral statements, telephone conversation or other mechanical communications or any other type of communication including written letters or documents.

9. An "**employee**" means both salaried and hourly employees of the defendant, both management and non-management employees of the defendant, and any agents of the defendant.

10. The terms "**management**" or "**manage**" includes any act of directing, conducting, administering, controlling, or handling an identified function or duty.

11. The term "**during the relevant time period**" shall mean the period from Plaintiff's date of hire to the date of your responses to these Document Requests.

12. The terms "**any**" shall also mean "**all**" and vice versa.

13. The terms "**and**" shall mean "**or**" and "**or**" shall mean "**and**" as necessary to call for the broadest possible answer.

14. The term "**act**" includes any act, event, circumstances, communication, representation, misrepresentation, remark, omission, conversation, meeting, transaction, occasion, opportunity, advantage, refusal, injury, occurrence or fact.

15. The term "**employment history**" when used with reference to an employee of defendant, includes, without limitation, his protected class; date of hire; title at hire; salary at hire;

5

all changes in job title and the dates of such changes; any changes in salary; whether the employee received any disciplinary action, and if so, when; and the date of termination of the employee, if any.

16. The words "**occurrence**" or "**alleged occurrence,**" as used in these document requests, shall mean the facts alleging liability of the defendant as set forth in the plaintiff's complaint.

17. As to any document which is not in your possession, custody or control, but which you know to exist, identify such document and indicate to the best of your ability its present or last known location and custodian.

18. If a privilege is asserted as a ground for not responding to a document request in whole or in part, describe the factual basis for the claim of privilege in sufficient detail as to permit the Court to adjudicate the validity of the claim of privilege.

19. As specified by the Federal Rules of Civil Procedure, you are required seasonably to supplement or amend your responses to the document requests should you obtain or discover additional information responsive thereto.

## REQUEST

1. Produce the complete personnel and disciplinary files for all managers, during the relevant time period.  Please include all documents concerning their performance, including but not limited to reviews, application for employment, attendance records and documents concerning leaves of absence, qualifications, termination and training as well as all documents concerning her compensations, such as payroll records, bonuses and raises.

2. Produce all recordings, either audio or video that pertains to Plaintiff in anyway.

Dated: July 8, 2015
Cheektowaga, New York

_____
Harvey P. Sanders, Esq.
Sanders & Sanders
*Attorneys for Plaintiff*
401 Maryvale Drive
Cheektowaga, NY 14225
(716) 839-1489
harvey.sanders@wnyemploymentlaw.com